### Commonwealth v. Pealer

*Theodore B. Smith, III, Assistant District Attorney,* for Commonwealth.

*Edward Guido, Assistant Public Defender,* for defendant.

SHEELY, *J.,* July 7, 1980—Defendant, Jeffrey Ray Pealer, was charged on August 20, 1979 with receiving stolen property. Defendant allegedly drove one Paul Malosky's vehicle from the victim's residence to the Ore Hole (a social gathering place) on the evening of August 3, 1979.

On October 4, 1979 defendant was arrested, preliminarily arraigned, and released on bail. A preliminary hearing was set for October 11, 1979, but defendant's attorney requested a continuance of

the hearing so defendant could participate in a lineup. Due to a mix-up in the district attorney's office, the lineup was not held until January 7, 1980. Defense counsel appeared on behalf of defendant at the lineup and again at the preliminary hearing held on January 17, 1980.

Defendant was arraigned on January 29, 1980 at which time the Public Defender's Office was formally appointed to his case. At this time defendant was directed to appear for trial on February 11, 1980.

On February 13, 1980, 178 days after the complaint was filed and 15 days following arraignment, defendant's case was called for trial. At that time defendant moved for a continuance contending he had not been accorded 30 days after arraignment to file omnibus pretrial motions, Pa.R.Crim.P. 307, and that he had not been allowed ample time to adequately investigate the case. The Commonwealth and the court stipulated that by making this motion defendant was not waiving his right to file other pretrial motions. The motion for continuance was denied by the court. On the day set for trial, defendant also moved to suppress the in-court identification testimony of one John Boose, which motion was granted by the court.

In a trial by jury defendant was found guilty of receiving stolen property. Thereafter defendant filed post-trial motions in arrest of judgment and for a new trial which are now before the court.

• • •

3. Was the defense accorded ample time to discover and summon all pertinent witnesses and to raise any feasible omnibus pretrial motions so that the court's denial of a full 30 days between arraignment and trial should be considered non-prejudicial, harmless error?

The Commonwealth admits that due to a mix-up the district attorney's office failed to exercise due diligence in setting a lineup date for defendant. Consequently, the Commonwealth could not extend the 180 day limitation established by Pa.R.Crim.P. 1100, and therefore set defendant's trial 15 days after arraignment to comply with Rule 1100. Even though Pa.R.Crim.P. 307 allows a defendant 30 days between arraignment and trial to file omnibus pretrial motions, defendant was given seven days within which to request a bill of particulars, Pa.R.Crim.P. 304(a), and 14 days within which to file a motion for discovery, Pa.R.Crim.P. 305A. Also, the defense moved to suppress the in-court identification testimony of one John Boose which was granted by the court. Beyond these motions which had been made prior to trial, it appears no other feasible omnibus pretrial motions were available to the defense in light of the nature of this case. The sole substantive issue presented was whether or not defendant Pealer was the person who drove Paul Malosky's automobile to the Ore Hole the evening of August 3, 1979. Aside from a motion to suppress testimony or a motion for a continuance (both options had been exercised), the defense had no need to make further omnibus pretrial motions.

Denial of defendant's 30 day time allowance for filing omnibus pretrial motions, if an error, appears harmless beyond a reasonable doubt. "Error may be harmless if it is clear beyond a reasonable doubt that it did not affect the result." Com. v. Biancone, 249 Pa. Superior Ct. 34, 38, 375 A. 2d 743, 745 (1977). In applying this standard to the case at bar the questions to be asked are (1) whether corroborative testimony supporting Whitmoyer's alibi testimony would have affected his credibility, and

(2) whether an additional 15 days of investigation by the defense to locate an unknown alibi (who defendant had not attempted to locate for more than five months) would have substantially altered the jury's findings.

Defense counsel has been familiar with this case since October 11, 1979 when Mr. Guido requested a lineup for defendant Pealer. Defense counsel was present at the lineup on January 7, 1980 even though he was not formally appointed to represent defendant until arraignment on January 29, 1980. This indicates that defense had ample time to make investigations sufficient to identify and locate any valuable witnesses prior to trial. "'[I]f the error did not deprive the defendant of the fundamentals of a fair trial we will not reverse the conviction.'" Com. v. Ravenell, 448 Pa. 162, 171, 292 A. 2d 365, 369 (1972). The record indicates the defense was not deprived of a fair trial due to the error contended.

• • •

## ORDER

And now, July 7, 1980, in accordance with the opinion filed this date, defendant's motions for a new trial and in arrest of judgment are denied.

The Probation Office is directed to prepare a pre-sentence investigation and upon receipt of same by the court, defendant is directed to appear for sentencing at the call of the district attorney.